```
LAW OFFICE OF MICHAEL E. LINDSEY
MICHAEL E. LINDSEY, State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
Tel: (858) 270-7000

ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 • Fax: (714) 532-4700
E-mail: martin@andersonlaw.net
```

FILED
08 APR 11 PM 4:35

Attorneys for Plaintiff Denise Miller

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DENISE MILLER,

        Plaintiff,

v.

GENERAL MOTORS CORPORATION,

        Defendant.

Case No. 08 CV 0665 J AJB

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff alleges as follows:

### JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff is citizen of the state of California. Defendant General Motors Corporation is a corporation that is organized and existing under the laws of the state of Delaware and having its principal place of business in the state of Michigan.

## PARTIES

2. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Denise Miller.

3. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

## FIRST CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## CAL. CIV. CODE § 1794

4. On or about July 24, 2007, Plaintiff purchased a 2006 Buick Lucerne, VIN #1G4HP57236U173253 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendant. The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $30,552.83. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5. In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

6. During the warranty period, the Vehicle contained or developed defects which cause a grinding noise when turning the steering wheel, defects which cause the steering wheel not to return to center after completing a turn, defects which cause a popping noise in the steering at times when turning the steering wheel, and defects which cause the vehicle to pull hard to the right.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

COMPLAINT; DEMAND FOR JURY TRIAL

7. Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

8. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

9. On or about July 24, 2007, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

10. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In addition, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

11. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

## SECOND CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF THE IMPLIED WARRANTY OF FITNESS
## CAL. CIV. CODE § 1794

12. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

13. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

14. Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

15. On or about July 24, 2007, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

16. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

## THIRD CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF EXPRESS WARRANTY
## CAL. CIV. CODE § 1794

17. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

18. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

19. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794.

20. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

## FOURTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## FAILURE TO PROMPTLY REPURCHASE PRODUCT
## CAL. CIV. CODE § 1793.2(d)

21. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6, above.

22. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a

1  reasonable number of attempts. Despite this fact, Defendant failed to promptly
2  replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§
3  1793.2(d) and 1793.1(a)(2).

4      23.    Plaintiff has been damaged by Defendant's failure to comply with its
5  obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore
6  brings this claim pursuant to § 1794.

7      24.    Defendant's failure to comply with its obligations under § 1793.2(d)
8  was willful, in that Defendant and its representative were aware that they were
9  unable to service or repair the Vehicle to conform to the applicable express
10 warranties after a reasonable number of repair attempts, yet Defendant failed and
11 refused to promptly replace the Vehicle or make restitution despite Plaintiff's
12 demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's
13 actual damages pursuant to § 1794(c).

14     25.    Defendant does not maintain a qualified third-party dispute resolution
15 process which substantially complies with § 1793.22. Despite Defendant's
16 violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its
17 obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil
18 penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e).

19     26.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and
20 (e) in the alternative and does not seek to cumulate civil penalties, as provided in §
21 1794(f).

**FIFTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME**

**AND TO COMPLETE THEM WITHIN 30 DAYS**

**CAL. CIV. CODE § 1794**

27     27.    Plaintiff incorporates by reference the allegations contained in
28 paragraphs 4 through 6 and paragraph 10, above.

COMPLAINT; DEMAND FOR JURY TRIAL

28. Although Plaintiff delivered the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

29. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

30. Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

## SIXTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## CONVERSION

31. Plaintiff incorporates by reference the allegations contained in the Fourth Claim for Relief, above.

32. Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. *Farmers Ins. Ex. v. Zerin*, 53 Cal.App.4th 445, 451-52 (1997). Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

33. Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

34. As a result of Defendant's conversion, Plaintiff has suffered damages.

35. Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution. Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $30,552.83.

2. For restitution to Plaintiff in the amount of $30,552.83.

3. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $61,105.66, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

4. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $61,105.66, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

5. On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $61,105.66, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

6. For any consequential and incidental damages.

7. For punitive damages in the amount of at least $100,000.

8. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code § 1794(d).

9. For prejudgment interest at the legal rate.

COMPLAINT; DEMAND FOR JURY TRIAL

10. And for such other relief as the Court may deem proper.

DATED: April 7, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

By: _____
MARTIN W. ANDERSON
Attorneys for Plaintiff Denise Miller

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

DATED: April 7, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

By: _____
MARTIN W. ANDERSON
Attorneys for Plaintiff Denise Miller

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 9 -
COMPLAINT; DEMAND FOR JURY TRIAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DENISE MILLER

FILED
08 APR 11 PM 4:35
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anderson Law Firm, 2070 N. Tustin Ave., Santa Ana, CA 92705
Tel: (714) 516-2700

## DEFENDANTS
GENERAL MOTORS CORPORATION

County of Residence of First Listed Defendant: (not a US Pltf case)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
08 CV 0665 J AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Consumer Warranty Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 313,869.81
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/07/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 149682  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE
ORIGINAL sea 4/11/08

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

     # 149682    - SH

       April 11, 2008
         16:26:45

       Civ Fil Non-Pris
USAO #.: 08CV0664
Judge..: NAPOLEON A JONES, JR
Amount.:              $350.00 CK
Check#.: BC1166


     Total-> $350.00


FROM: MILLER V. GM CORP
```