David N. Ruben (Bar No. 156681)
RUBEN & SJOLANDER
1875 Century Park East, Suite 1050
Los Angeles, California 90067
Telephone: (310) 788-2828
Facsimile: (310) 788-9028
e-mail: david.ruben@rubenandsjolander.com

Attorneys for Defendant,
GENERAL MOTORS CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE MILLER,<br><br>          Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION,<br><br>          Defendant. | Case No.: 08 CV0665 J AJB<br><br>ANSWER OF DEFENDANT, GENERAL MOTORS CORPORATION, TO THE UNVERIFIED COMPLAINT OF PLAINTIFF, DENISE MILLER; DEMAND FOR JURY TRIAL |

Defendant, GENERAL MOTORS CORPORATION ("Defendant") answers the Complaint on file herein as follows:

1.  Answering paragraph 1, Defendant admits that it is a corporation that is organized and existing under the laws of the state of Delaware and has its principal place of business in the state of Michigan. Defendant does not have sufficient knowledge to admit or deny the remainder of the allegations in this paragraph, and on that basis denies them.

2.  Answering paragraph 2, Defendant makes no response since the paragraph contains no charging allegations and simply states that the word "Plaintiff" shall refer to Plaintiff, Denise Miller.

3.  Answering paragraph 3, Defendant makes no response since the paragraph contains no charging allegations and simply states that the word "Defendant" shall refer to all defendants named in the Complaint.

1

1  "Defendant" shall refer to all defendants named in the Complaint.

2  4. Answering paragraph 4, Defendant admits that it manufactured the subject vehicle. Defendant denies that it sold the vehicle directly to plaintiff. Defendant does not have sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

5. Answering paragraph 5, Defendant admits that it expressly warranted the vehicle pursuant to the terms of it written warranty, the terms of which Defendant incorporates herein by reference. Defendant does not have sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

6. Answering paragraph 6, Defendant does not have sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis denies them.

7. Answering paragraph 7, Defendant admits that an implied warranty of merchantability may arise by operation of law depending on the circumstances of the sale of the subject vehicle. Defendant denies the remainder of the allegations.

8. Answering paragraph 8, Defendant admits that the law relating to the implied warranty of merchantability is what the law is. Defendant does not have sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

9. Answering paragraph 9, Defendant denies the allegations in this paragraph.

10. Answering paragraph 10, Defendant admits that plaintiff has rejected and/or revoked acceptance of the vehicle, and has exercised a right to cancel the sale. Defendant does not have sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

11. Answering paragraph 11, Defendant denies the allegations in this paragraph.

12. Answering paragraph 12, Defendant repeats and incorporates by

2

reference paragraphs 4 through 6 and paragraph 10, above.

13. Answering paragraph 13, Defendant denies the allegations in this paragraph.

14. Answering paragraph 14, Defendant denies the allegations in this paragraph.

15. Answering paragraph 15, Defendant denies the allegations in this paragraph.

16. Answering paragraph 16, Defendant denies the allegations in this paragraph.

17. Answering paragraph 17, Defendant repeats and incorporates by reference paragraphs 4 through 6 and paragraph 10, above.

18. Answering paragraph 18, Defendant admits that plaintiff delivered the vehicle to Defendant's authorized service representative in this State. Defendant denies that each time the representative failed to repair the vehicle. Defendant does not have sufficient knowledge to admit or deny the remainder of the allegations in this paragraph, and on that basis denies them.

19. Answering paragraph 19, Defendant denies the allegations in this paragraph.

20. Answering paragraph 20, Defendant denies the allegations in this paragraph.

21. Answering paragraph 21, Defendant repeats and incorporates by reference paragraphs 4 through 6, above.

22. Answering paragraph 22, Defendant denies the allegations in this paragraph.

23. Answering paragraph 23, Defendant denies the allegations in this paragraph.

24. Answering paragraph 24, Defendant denies the allegations in this paragraph.

ANSWER; DEMAND FOR JURY TRIAL

25. Answering paragraph 25, Defendant denies the allegations in this paragraph.

26. Answering paragraph 26, Defendant does not have sufficient knowledge to know what plaintiff seeks, and on that basis denies the allegations in this paragraph.

27. Answering paragraph 27, Defendant repeats and incorporates by reference paragraphs 4 through 6 and paragraph 10, above.

28. Answering paragraph 28, Defendant denies the allegations in this paragraph.

29. Answering paragraph 29, Defendant denies the allegations in this paragraph.

30. Answering paragraph 30, Defendant denies the allegations in this paragraph.

31. Answering paragraph 31, Defendant repeats and incorporates by reference its responses to paragraphs 21 through 26, above.

32. Answering paragraph 32, Defendant denies that plaintiff has an immediate right to a specific sum of money. Defendant does not have sufficient knowledge to admit or deny the remainder of the allegations in this paragraph, and on that basis denies them.

33. Answering paragraph 33, Defendant denies the allegations in this paragraph.

34. Answering paragraph 34, Defendant denies the allegations in this paragraph.

35. Answering paragraph 35, Defendant denies the allegations in this paragraph.

///
///
///

ANSWER; DEMAND FOR JURY TRIAL

## AFFIRMATIVE DEFENSES TO THE COMPLAINT
## AND EACH ALLEGED CAUSE OF ACTION THEREOF

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Allow a Cure)

Defendant is informed and believes and thereon alleges that plaintiff is barred from obtaining the relief sought in the Complaint on the grounds that plaintiff has failed and refused to allow defendant a reasonable opportunity to cure any alleged breach by defendant.

### THIRD AFFIRMATIVE DEFENSE

(Mitigation)

Defendant is informed and believes and thereon alleges that plaintiff's alleged damages, if any, are the result, in whole or in part, of plaintiff's failure to exercise reasonable care to reduce or mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

(Contributory Negligence, Unclean Hands, Assumption of Risk, Estoppel)

Defendant is informed and believes and thereon alleges that plaintiff is barred in whole or in part by his negligence, actions, unclean hands, fault, assumption of risk or otherwise from any and/or all legal or equitable relief against defendant, as requested in the Complaint or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action thereof, is barred by application of the statutes of limitation set forth in California Code of Civil Procedure sections 337(1), 337(2), 337(3), 338(1),

338(2), 338(3), 338(4), 338(7), 339(1), 339(3), 340(1), 340(2), 340(3), 342, 343, 344, 348, and Commercial Code 2725 and/or any other statute of limitation applicable to the present action.

### SIXTH AFFIRMATIVE DEFENSE
(Apportionment)

Any and all injuries, if any, and damages, if any, sustained or suffered by plaintiff were proximately caused and contributed to by the superseding, intervening acts or omissions of persons other than defendant in that said persons, and each of them, were careless and negligent concerning the matters alleged in the Complaint, and such negligence and carelessness proximately contributed to the loss, injury, damage or detriment alleged in the Complaint with the result that the damages, if any, recoverable by plaintiff herein must be diminished in proportion to the fault attributable to such other persons.

### SEVENTH AFFIRMATIVE DEFENSE
(Disclaimer)

Defendant is informed and believes and thereon alleges that prior to and at the time of the alleged acts, omissions and conduct of defendant as alleged in the Complaint, defendant expressly disclaimed, negated and excluded all warranties of the type herein alleged by plaintiff, and of any type, express or implied, whatsoever.

### EIGHTH AFFIRMATIVE DEFENSE
(Unauthorized Use of the Product)

Defendant is informed and believes and thereon alleges that any and all damages, if any, sustained or suffered by plaintiff, were proximately caused and contributed to by plaintiff's use of the vehicle which is subject of this lawsuit, for a purpose to which said product was not intended to be so used. Plaintiff knew, or should have known, that the use to which plaintiff put the vehicle was not the use for which the vehicle was manufactured or intended and that such unintended use could cause damage to plaintiff.

## NINTH AFFIRMATIVE DEFENSE
(Waiver)

Defendant is informed and believes and thereon alleges that plaintiff has waived his rights, if any, to obtain the relief sought in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
(Qualified Third-Party Dispute Resolution Process)

Defendant maintains a qualified third party dispute resolution process which substantially complies with section 1793.22 of the California Civil Code. Defendant is informed and believes and thereon alleges plaintiff received timely and appropriate notification, in writing, of the availability of the third party resolution process. Accordingly, since plaintiff did not avail himself of the third party dispute resolution process prior to filing this litigation, section 1794(e)(2) of the California Civil Code affirmatively bars plaintiff from recovering damages for (I) treble damages (as provided under California Civil Code section 1794(e)) and (ii) plaintiff cannot avail himself of the rebuttable presumption pursuant to California Civil Code section 1793.22(e)(1).

## ELEVENTH AFFIRMATIVE DEFENSE
(Good Faith Belief in Legality of Actions)

Defendant alleges that at all times relevant to this action, defendant acted in good faith and believes its actions to have been legal.

## TWELFTH AFFIRMATIVE DEFENSE
(Honest Belief)

Defendant alleges that at all times relevant to this action, defendant honestly believed that a statutory obligation to repurchase or replace plaintiff's vehicle did not exist.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Offset for Use)

Defendant alleges that it intends to take advantage of the reduction authorized

by Civil Code section 1793.2(d)(2)(c) if defendant is found to be in violation of the Song-Beverly Consumer Warranty Act.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, defendant prays:

1. That plaintiff takes nothing by the Complaint;
2. For cost of suit; and
3. For such other and further relief as the Court deems just and proper.

DATED: May 8, 2008                        RUBEN & SJOLANDER

BY /S/ David N. Ruben
DAVID N. RUBEN
Attorneys for Defendant,
GENERAL MOTORS CORPORATION

8

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: May 8, 2008                    RUBEN & SJOLANDER

BY /S/ David N. Ruben
DAVID N. RUBEN
Attorneys for Defendant,
GENERAL MOTORS CORPORATION

## PROOF OF SERVICE

I am employed in the County of Los Angeles and my business address is 1875 Century Park East, Suite 1050, Los Angeles, California 90067. I am over the age of 18 years and I am not a party to this action. I am readily familiar with the practices of RUBEN & SJOLANDER for the collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On May 13, 2008, I served the foregoing document(s), bearing the title(s) **ANSWER OF DEFENDANT, GENERAL MOTORS CORPORATION, TO THE UNVERIFIED COMPLAINT OF PLAINTIFF, DENISE MILLER; DEMAND FOR JURY TRIAL** on the interested parties in the action as follows:

[X]   by placing [] the **original** [X] a **true copy** thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   **(BY EFILE SERVICE)** The above document was served on the interested party named above by electronic means via Efile.

[]    **(BY FEDERAL EXPRESS - NEXT DAY DELIVERY)** I caused to be delivered such envelope by hand to the office of the addressee.

[]    **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   **(Federal)** I declare under penalty of perjury that I am employed by a member of the Bar of this Court, at whose direction this service is made.

Executed on May 13, 2008, at Los Angeles, California.

_TRICIA FLANSBURG_
TRICIA FLANSBURG

<u>Denise Miller v. General Motors Corporation</u>
United States District Court
Southern District of California
Case No. 08 CV 0665 J AJB

## SERVICE LIST

Michael E. Lindsey, Esq.
LAW OFFICES OF MICHAEL E. LINDSEY
4455 Morena Boulevard, Suite 207
San Diego, California 92117
Ph: (858) 270-7000; Fx: (858) 270-7710

Martin W. Anderson, Esq.
ANDERSON LAW FIRM
2070 North Tustin Avenue
Santa Ana, California 92705
Ph: (714) 516-2700; Fx: (714) 532-4700
e-mail: martin@andersonlaw.net